DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the decision of the Washington County Court of Common Pleas in which Defendant-Appellant Stacy Robinson pled guilty to gross sexual imposition, a third-degree felony in violation of R.C. 2907.05(A)(4). The trial court imposed the maximum sentence, five-years imprisonment.
 {¶ 2} Appellant argues that the sentence was erroneous and that his trial counsel was ineffective. We find that appellant's arguments lack merit and affirm the well-reasoned judgment of the trial court.
 I. Proceedings Below {¶ 3} In July 2001, the Washington County Grand Jury indicted Defendant-Appellant Stacy Robinson on five counts: one count of gross sexual imposition, a third-degree felony in violation of R.C.2907.05(A)(4); and four counts of attempted gross sexual imposition, a fifth-degree felony in violation of R.C. 2923.02(A) and 2907.05(A)(1).
 {¶ 4} Appellant ultimately pled guilty to gross sexual imposition and the remaining counts were dismissed.
 {¶ 5} In November 2001, the sentencing hearing was held. At the hearing the trial court considered, inter alia, the following: a pre-sentence investigation report; a victim-impact statement; a SEPTA evaluation; and the testimony of the victim's stepfather.
 {¶ 6} This evidence revealed that the victim in this case was appellant's own eleven-year-old daughter who is mentally deficient and has a speech impediment. On the day of the incident, appellant's daughter was visiting with appellant for the weekend. That evening, she had two friends sleeping over, and the three of them were in a tent. Appellant entered the tent where the three girls were sleeping and attempted to pull his daughter's legs apart. The girl resisted by feigning sleep. Appellant entered the tent twice more that night and repeated the same behavior, and each time the girl resisted.
 {¶ 7} The evidence revealed that appellant was convicted of gross sexual imposition in 1996 and sexual imposition in 1998. The trial court noted that appellant's daughter was also the victim in the gross-sexual-imposition conviction — at that time, his daughter was six years old.
 {¶ 8} The trial court noted that the victim suffered psychological harm as a result of this incident.
 {¶ 9} Shortly thereafter, the trial court issued its judgment entry. After applying the necessary seriousness and recidivism factors, it stated the following: "The defendant poses the greatest likelihood of recidivism. He has three sexual offenses, has been through treatment, but continues to re-offend. The public and his family should not face additional risks." Accordingly, the trial court imposed the maximum sentence, five years imprisonment.
 II. The Appeal {¶ 10} Appellant timely filed this appeal, assigning the following errors for our review.
 {¶ 11} First Assignment of Error: "The trial court erred in sentencing Mr. Robinson to the maximum sentence for gross sexual imposition because the facts do not support the requisite findings for a maximum sentence."
 {¶ 12} Second Assignment of Error: "Mr. Robinson's right to the effective assistance of counsel was violated at sentencing when trial counsel failed to say anything on Mr. Robinson's behalf."
 {¶ 13} We will address these assignments of error seriatim.
 A. Maximum Sentence {¶ 14} The Ohio General Assembly, by the enactment of R.C. Chapter 2929, has "significantly limit[ed] and channel[ed] the [sentencing court's] exercise of discretion." Griffin Katz, Ohio Felony Sentencing Law (1998 Ed.) 495, Section 9.16; State v. Richards (Feb. 23, 2000), Hocking App. No. 99CA13; see R.C. 2929.12(A); State v. Persons
(Apr. 26, 1999), Washington App. No. 98CA19; State v. McConnaughey (Mar. 4, 1998), Athens App. No. 97CA39.
 {¶ 15} Conformably, appellate review of a sentencing court's discretion is limited to whether the trial court failed to properly consider the "purposes, array of principles, factors, and presumptions," detailed throughout R.C. Chapter 2929. State v. Carter (July 16, 1999), Lawrence App. No. 98CA43; Richards, supra; accord Persons, supra (explaining that appellate review of a sentencing court's decision is not pursuant to the traditional notion of "abuse of discretion").
 {¶ 16} Accordingly, to determine whether a sentencing court properly exercised its discretion, an appellate court must examine the record to ascertain whether the trial court: "(1) considered the statutory factors; (2) made the required findings; (3) relied on substantial evidence in the record to support its findings; and (4) properly applied the statutory guidelines." State v. Dunwoody (Aug. 5, 1998), Meigs App. No. 97CA11; accord Richards, supra.
 {¶ 17} R.C. 2929.19(B)(2)(d) requires a trial court to set forth its "reasons for imposing the maximum prison term." R.C. 2929.19(B)(2)(d); see State v. Edmonson (1999), 86 Ohio St.3d 324, 327, 715 N.E.2d 131. And R.C. 2929.14(C) explains that, "the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * * and upon certain repeat violent offenders * * *." R.C. 2929.14(C).
 {¶ 18} In the instant case, appellant argues that his behavior was not the worst form of the offense, and that his behavior was "not the intended target of the maximum sentencing law." Accordingly, appellant maintains that the trial court erred in imposing the maximum sentence. We find this argument to be utterly without merit.
 {¶ 19} First, appellant provides no meaningful analysis as to how he arrived at the conclusion that the drafters of the sentencing guidelines did not intend for the behavior at issue in this case to be subject to the maximum sentence.
 {¶ 20} Second, contrary to appellant's brief, the trial court based its decision to impose the maximum sentence on its finding that appellant posed the greatest likelihood of recidivism, not that his behavior was the worst form of the offense. Appellant seems to have overlooked the fact that R.C. 2929.14(C) permits a trial court to impose a maximum sentence on grounds other than the commission of the worst form of the offense. See, generally, State v. Nibert (Mar. 19, 2001), Washington App. No. 00CA11. As set forth above, one such additional basis is for "offenders who pose the greatest likelihood of committing future crimes." R.C. 2929.14(C).
 {¶ 21} Here, the trial court expressly found that appellant posed the greatest likelihood of recidivism. The trial court based this decision on the following evidence: appellant had two prior sexual offenses, one of which involved the same victim (his daughter); and, in spite of varying degrees of punishment for similar behavior — i.e., prior adjudication as a sexual offender, imprisonment, and professional treatment — appellant again committed a sexual offense.
 {¶ 22} We see no need to address this argument further. We overrule appellant's First Assignment of Error.
 B. Ineffective Assistance of Counsel {¶ 23} A successful claim of ineffective assistance of counsel requires the satisfaction of a two-prong analysis: "(a) [d]eficient performance, `errors so serious that counsel was not functioning as thecounsel guaranteed the defendant by the Sixth Amendment'; and, (b) [p]rejudice, `errors * * * so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" State v. Ballew (1996),76 Ohio St.3d 244, 255, 667 N.E.2d 369, citing Strickland v. Washington
(1984), 466 U.S. 668, 687, 104 S.Ct. 2052.
 {¶ 24} Here, appellant argues that his appellate counsel was ineffective "for failing to say anything on [appellant's] behalf." Specifically, appellant maintains that, "[h]ad trial counsel informed the court of the mitigating circumstances [i.e., that appellant was himself molested as a child,] that [he] would have been lawfully sentenced."
 {¶ 25} Here, the record includes all of the evidence appellant argues his attorney should have brought to the attention of the trial court — specifically, the allegation that appellant himself was abused as a child. Accordingly, we are simply at a loss as to how the performance of appellant's trial counsel was deficient, let alone how appellant was actually prejudiced in this regard.
 {¶ 26} Consequently, we do not find the performance of appellant's trial counsel to constitute ineffective assistance. We overrule appellant's Second Assignment of Error.
 III. Conclusion {¶ 27} For the foregoing reasons, we overrule appellant's assignments of error and affirm the judgment of the Washington County Court of Common Pleas.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
This Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the WASHINGTON COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEENPREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILYCONTINUED FOR A PERIOD NOT TO EXCEED SIXTY DAYS UPON THE BAIL PREVIOUSLYPOSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty-day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J., and Kline, J.: Concur in Judgment and Opinion.